1  KEVIN V. RYAN (CSBN 118321)
   United States Attorney
2  EUMI L. CHOI (WVBN 0722)
   Chief, Criminal Division
3  PATRICIA J. KENNEY (CSBN 130238)
   Assistant United States Attorney
4      450 Golden Gate Avenue, Box 36055
       San Francisco, CA 94102
5      Telephone: 415.436.6857
       Facsimile:  415.436.6748
6      Email: patricia.kenney@usdoj.gov
   Attorneys for the United States of America
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,            )          C 05-4412 VRW
                                         )
12                     Plaintiff,        )
                                         )
13           v.                          )     STIPULATION AND ORDER
                                         )     STAYING THE INSTANT CASE
14  NET PROCEEDS FROM THE SALE OF REAL   )
    PROPERTY AND IMPROVEMENTS            )
15  LOCATED AT 935-945 FOLSOM STREET,    )
    SAN FRANCISCO, CALIFORNIA,           )
16                                       )
                       Defendant.        )
17  _____ )

18

19                              IT IS SO ORDERED

20                              Judge Vaughn R Walker

21

22

23

24                          Dated: February 17, 2006

25

26

27

28

By order entered on January 9, 2006, the Court concluded that the instant civil forfeiture action is related to a pending criminal case and to a pending civil forfeiture action; all three cases have been assigned to the Honorable Vaughn R. Walker. *See* Related Case Order, filed January 9, 2006. The related civil forfeiture action is *United States v. $2,526.70 from Citibank Account No. 40017922317, et al. ("Bank Account Forfeiture case")*, C 04-0933 VRW (Complaint filed March 9, 2004 and stayed by Stipulation and Order, filed October 15, 2004) and the related criminal case is *United States v. Jimmy Quan a/k/a Toha Quan, Anna Wong, a/k/a/ Anna You Nor Wong, Jenny Wong, a/k/a Jenny Yee Nor Wong, Bick Wong a/k/a Bick You Wong*, CR 04-0323 VRW (filed September 30, 2004; Superseding Indictment filed August 12, 2005).

The United States and the three claimants in the previously filed civil forfeiture action, No. C04-0933 VRW, stipulated to a stay of that action pending the resolution of the related criminal case. *See* No. 04-0933 VRW, Stipulation and Order, filed October 15, 2004. In that action, the claimants are Anna Wong, Nancy Quan and the Trustee for the estate of TOMI, LLC, Mohamed Poonja, in the bankruptcy case. *See* In Re: TOMI, LLC, Case No. 03-31971 (Bankr. Ct., N.D. Cal.). Anna Wong is a defendant in the pending criminal case and Nancy Quan is her daughter.

In this action, only two claimants have filed timely claims in order to appear and defend defendant Net Proceeds from the Sale of Real Property and Improvements Located at 935-945 Folsom Street, San Francisco, California. The two claimants are the Trustee of the TOMI, LLC bankruptcy action, Mohamed Poonja, and TOMI, LLC, by Nancy Quan.[1] *See* In Re: TOMI, LLC, Case No. 03-31971 (Bankr. Ct., N.D. Cal.). On order from the Bankruptcy Court, the real property at 935-945 Folsom was sold to preserve the value of that asset. *See* No. 03-31971, Order Authorizing (1) Sale of Real Property Free and Clear of the Liens and Interest, and (2) Payment of Real Estate Commission, filed May 18, 2005 and modified by order dated October

---

[1] The United States served all persons or entities who might have had an interest in defendant. *See* Certificate of Service, filed November 10, 2005. The United States also published notice of this forfeiture action each week for three consecutive weeks in a newspaper of general circulation with the last notice having been published on December 15, 2005. *See* Proof of Publication of Amended Forfeiture Action, filed January 31, 2006.

1  24, 2005 in No. 03-31971 (Bankr. Ct., N.D. Cal.). Following the sale of the real property located

2  at 935-945 Folsom Street, San Francisco, the United States sued the net proceeds from that sale

3  which net proceeds became defendant in this action. *See* No. 03-31971 (Bankr. Ct., N.D. Cal.),

4  (1) Stipulation Re: The Filing of Complaint for Forfeiture and the Proceeds to be Arrested,

5  submitted October 24, 2005 (Exhibit A attached) and (2) Order filed October 28, 2005 (Exhibit

6  B attached).

7      UPON CONSIDERATION of the foregoing and pursuant to 18 U.S.C. § 981(g), the

8  United States and claimants agree, subject to this Court's approval, that the instant civil

9  forfeiture action also be stayed pending the resolution of the related criminal case, No. 04-0933

10  VRW, in district court.

11

12                          KEVIN V. RYAN
                            United States Attorney
13

14  Dated: February 8, 2006    *[signature]*
                            PATRICIA J. KENNEY
                            Assistant United States Attorney
15

16                          CORPORATE COUNSEL LAW GROUP, LLP

17

18  Dated: February ___, 2006  _____
                            JOHN CHU
19                          Attorney for Claimant TOMI, LLC
                            filed by Nancy Quan

20                          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

21

22  Dated: February __, 2006   *[signature]*
                            BARRY MILGROM
23                          Attorney for Claimant Mohamed Poonja,
                            Trustee of the Estate of TOMI, LLC

24

25  PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS ___

26  DAY OF _____, 2006.

27

28                          _____
                            HONORABLE VAUGHN R. WALKER
                            Chief Judge, United States District Court

Stipulation & Order
CV 05-4412 VRW                          3

1 | 24, 2005 in No. 03-31971 (Bankr. Ct., N.D. Cal.). Following the sale of the real property located

2 | at 935-945 Folsom Street, San Francisco, the United States sued the net proceeds from that sale

3 | which net proceeds became defendant in this action. *See* No. 03-31971 (Bankr. Ct., N.D. Cal.),

4 | (1) Stipulation Re: The filing of Complaint for Forfeiture and the Proceeds to be Arrested,

5 | submitted October 24, 2005 (Exhibit A attached) and (2) Order filed October 28, 2005 (Exhibit

6 | B attached).

7 |      UPON CONSIDERATION of the foregoing and pursuant to 18 U.S.C. § 981(g), the

8 | United States and claimants agree, subject to this Court's approval, that the instant civil

9 | forfeiture action also be stayed pending the resolution of the related criminal case, No. 04-0933

10 | VRW, in district court.

11

12                KEVIN V. RYAN
               United States Attorney

13

Dated: February 8, 2006

14                PATRICIA J. KENNEY
               Assistant United States Attorney

15

16                CORPORATE COUNSEL LAW GROUP, LLP

17

Dated: February 10, 2006

18                JOHN CHU
               Attorney for Claimant TOMI, LLC

19                filed by Nancy Quan

20                LUCE, FORWARD, HAMILTON & SCRIPPS LLP

21

22 Dated: February ___, 2006

23                BARRY MILGROM
               Attorney for Claimant Mohamed Poonja,
               Trustee of the Estate of TOMI, LLC

24

25 PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS ___

26 DAY OF _____, 2006

27

28                HONORABLE VAUGHN R. WALKER
               Chief Judge, United States District Court

Stipulation & Order
CV 05-4412 VRW                3

**EXHIBIT A**

1  BARRY MILGROM (CSBN 99961)
   Luce, Forward, Hamilton & Scripps LLP
2
      Rincon Center II
3     121 Spear Street, Suite 200
      San Francisco, California 94105
4     Telephone: 415.356.4600
      Facsimile: 415.356.4610
5
   Attorneys for Mohamed Poonja
6  Chapter 7 Trustee

7
   KEVIN V. RYAN (CSBN 118321)
8  United States Attorney
   EUMI L. CHOI (WVBN 0722)
9  Chief, Criminal Division
   PATRICIA J. KENNEY (CSBN 130238)
10 Assistant United States Attorney

11    450 Golden Gate Avenue, Box 36055
      San Francisco, CA 94102
12    Telephone: 415.436.6857
      Facsimile: 415.436.6748
13    Email: pkenney@usdoj.gov

14 Attorneys for the United States of America

15            UNITED STATES BANKRUPTCY COURT
16
              NORTHERN DISTRICT OF CALIFORNIA
17

18 In re                          )      Case No. 03-31971
                                   )
19 TOMI, LLC,                      )
                                   )             Chapter 7
20              Debtor             )
                                   )
21 _____)

22      **STIPULATION RE:  THE FILING OF COMPLAINT FOR FORFEITURE**
              **AND THE PROCEEDS TO BE ARRESTED**
23

24      The United States, through its undersigned counsel, and, subject to this Court's approval,

25 Mohamed Poonja, Chapter 7 Trustee, through his undersigned counsel, stipulate as to (1) when

26 the United States will file its Complaint for Forfeiture against the Net Proceeds of the Sale of

27 935-945 Folsom Street, San Francisco, California, in the Northern District of California

28 ("defendant Net Proceeds") and (2) how the defendant Net Proceeds will be calculated because,

1    following the filing of the Complaint for Forfeiture, the Clerk will issue an arrest warrant for the

2    arrest of the defendant Net Proceeds.

3                                          **Recitals**

4          A.    On July 8, 2003, TOMI LLC ("TOMI"), as debtor, filed a Voluntary Petition

5    under Chapter 11 of the Bankruptcy Code.  At a later date, Mohamed Poonja ("Trustee") was

6    appointed as Chapter 11 Trustee for TOMI and, following the conversion of the case to Chapter

7    7, continues to act as Chapter 7 Trustee.

8          B.    Among the assets of the bankruptcy estate is real property and improvements,

9    including a commercial building, which is located at 935-945 Folsom Street, San Francisco,

10   California ("935 Folsom").  On or about May 19, 2005, the Bankruptcy Court entered its Order

11   Authorizing (1) Sale of Real Property Free and Clear of the Liens and Interests, and (2) Payment

12   of Real Estate Commission ("Sale Order"), authorizing the Trustee to consummate the proposed

13   sale of 935 Folsom for $4.1 million.

14         C.    In a Superseding Indictment filed on August 12, 2005, there are, *inter alia,*

15   criminal allegations seeking judicial forfeiture of 935 Folsom.  *See United States v. Jimmy Quan*

16   *a/k/a Toha Quan, Anna Wong, a/k/a/ Anna You Nor Wong, Jenny Wong, a/k/a Jenny Yee Nor*

17   *Wong, Bick Wong a/k/a Bick You Wong,* CR 04-0323 VRW (Superseding Indictment filed

18   August 12, 2005).  Because defendants sought adequate time to prepare, the Honorable Vaughn

19   R. Walker did not schedule trial in the criminal case until June 5, 2006.

20         D.    Prior to the Superseding Indictment having been returned, the United States filed

21   a motion in this Court in May of 2005 requesting an order which declared that, if the United

22   States filed a civil complaint for forfeiture in the Northern District of California, that the civil

23   action would be exempt from the automatic stay in this bankruptcy action and, in the alternative,

24   the United States asked the Court to grant relief from the stay to file its civil forfeiture action.  At

25   the June 17, 2005 hearing on that motion, the Bankruptcy Court granted the motion and, by order

26   entered on August 25, 2005, the Court issued a written order granting the relief requested.

27         E.    The United States has no objection to the sale of 935 Folsom to preserve the value

28   of that asset.  The United States plans to file a civil forfeiture action against the net proceeds

Stipulation of United States and Trustee
No. 03-31971                                    2

1   from the sale of 935 Folsom on or about the date of the sale, and has informed the Trustee of its

2   plans. *See* Order Declaring the Complaint for Forfeiture Exempt from the Stay and,

3   Alternatively, Granting Relief from the Automatic Stay, entered August 25, 2005.  In civil

4   forfeiture cases which involve a related criminal case, such as CR 04-0323 VRW, it is common

5   for either the United States or for claimants who are also defendants in the criminal case to

6   request a stay of the civil action and for the civil action to be stayed until resolution of the

7   criminal case. *See* 18 U.S.C. § 981(g).  Thus, it is possible that, once filed, the civil forfeiture

8   action filed by the United States will be stayed for a period of time until resolution of the related

9   criminal case.

10        F.        Upon the filing of a civil forfeiture action against defendant Net Proceeds, the

11  Clerk must issue a summons and warrant under the authority of the District Court to arrest

12  defendant Net Proceeds in order to preserve it during the pendency of the civil forfeiture action.

13  *See* Rule C(3), Supplemental Rules for Certain Admiralty and Maritime Claims.  The United

14  States Marshals Service effects the arrest and, in cases involving funds, it deposits the funds in

15  an appropriate interest-bearing account.

16                              **Stipulation**

17        The United States and the Trustee, subject to the Court's approval, stipulate as follows:

18        1.        The purpose of this stipulation is for the United States and the Trustee to agree on

19  how defendant "Net Proceeds" in the civil forfeiture action is to be defined and how the arrest of

20  defendant "Net Proceeds" will be accomplished.

21        2.        Defendant "Net Proceeds" will be the seller's gross proceeds from the sale of 935

22  Folsom after deducting the costs and expenses (a) specified in paragraph 4 below at the close of

23  escrow and (b) in paragraph 8 below, and after approval of the Bankruptcy Court, where

24  necessary.

25        3.        The Trustee obtained a writ to evict the tenants from 935 Folsom which was

26  provided to the United States Marshals Service ("USMS"), and the USMS evicted the tenants on

27  or about August 31, 2005.  Thereafter, the Trustee proceeded with dispatch to inventory the

28  personal property remaining at 935 Folsom after the eviction, and to give notice to interested

Stipulation of United States and Trustee
No. 03-31971                              3

1  parties that the personal property would be disposed of if the owners did not claim it and remove
2  it from the premises at 935 Folsom.  Pursuant to that notice, the Trustee plans to take necessary
3  actions to dispose of the personal property remaining at 935 Folsom either by auction, salvage or
4  disposal.  Following the disposition of the personal property, the Trustee will sell 935 Folsom in
5  accordance with prior orders of this Court.  The Trustee agrees to give the United States as much
6  advance notice as possible as to the date when the Trustee signs documents and as to the date
7  that escrow will close.

8       4.     The Trustee agrees to instruct the title company to deduct and pay the following
9  items at the close of escrow of 935 Folsom:

10         a.     Closing Costs: Customary closing costs in the City and County of San
11  Francisco paid by a seller, including title and escrow fees, real estate commission and costs, will
12  be paid in full at the close of escrow.  Prior to the close of escrow, the title company will provide
13  the United States with an itemized copy of the estimated closing costs.  If the United States
14  disagrees with any of the itemized costs, it will inform the Trustee of its objection in writing
15  within 48 hours or sooner, if possible.  If the Trustee disagrees with the objection of the United
16  States, the Trustee will file a motion with the Bankruptcy Court on shortened time to resolve
17  whether the cost is a customary cost which should be paid by the Trustee.

18         b.     2W Lien: All principal, interest and costs under the deed of trust recorded
19  by 2W Investments, Inc. ("2W") shall be paid in full by the seller at the close of escrow, except
20  that $150,000 of the funds that would otherwise be paid to 2W will be withheld by the Trustee in
21  accordance with the terms of Paragraph 6 of the Sale Order.  *See* Recital, B, *supra*.

22         c.     Real Estate Taxes: All real estate taxes, including interest and penalties,
23  due and payable against 935 Folsom will be paid in full at the close of escrow.  Real estate taxes
24  that are not yet due and payable shall be prorated between the buyer and seller, and the seller's
25  allocation shall be paid at the close of escrow in accordance with the custom in the City and
26  County of San Francisco.

27       5.     After payment of the items listed in paragraph 4 at the close of escrow, the
28  Trustee shall deposit the remainder of the proceeds ("Remainder of the Proceeds")(including the

Stipulation of United States and Trustee
No. 03-31971                         4

1  $150,000 which is withheld from 2W as described in paragraph 4.b), in a separately established,

2  interest-bearing account by itself and under the Trustee's control.

3      6.    After the United States files a civil forfeiture action against defendant Net

4  Proceeds from, the Clerk is required to issue a warrant for arrest of defendant Net Proceeds in

5  order to preserve defendant Net Proceeds during the pendency of the action. *See* Rule C(3)(a),

6  Supplemental Rules for Certain Admiralty and Maritime Claims.  The United States will serve

7  the Trustee with that warrant for arrest by serving it on counsel for the Trustee, Barry Milgrom.

8      7.    The Trustee will comply with the warrant for arrest in a two-step process by

9  providing two separate checks.  This is because the certain costs of this bankruptcy action will

10  not be quantified immediately at the time of the sale of 935 Folsom.

11      8.    Within 14 days of receipt of the Remainder of the Proceeds, or such other time to

12  which the Trustee and the United States agree in writing, the Trustee will make reasonable

13  estimates of the maximum cost of each of the following:

14          a.    Professionals: The fees and expenses of the Trustee and all professionals

15  allowable pursuant to Bankruptcy Code § 330(a).

16          b.    Insurance: The cost of insurance, if any, for 935 Folsom which is due and

17  owing up to the close of escrow on 935 Folsom.

18          c.    Income Taxes/Fees: Any gross receipts tax/fee in connection with 935

19  Folsom which the Franchise Tax Board imposes because the seller of 935 Folsom is a limited

20  liability company.

21          d.    Eviction of Tenants and Personal Property Left on the Premises: The costs

22  associated with the eviction of the tenants and their personal property from 935 Folsom prior to

23  its sale, including costs of the United States Marshals Service and costs associated with

24  inventory, salvage, storage, sale or other disposition of the unclaimed personal property left on

25  the premises in order to comply with, among other laws, California Code of Procedure

26  § 1174(g), (h) and (i).

27      9.    Within 14 days of receipt of the warrant for arrest of the "Net Proceeds,"

28  or such other time to which the Trustee and the United States agree in writing, the Trustee shall

Stipulation of United States and Trustee
No. 03-31971                    5

1  provide a check to the United States Marshals Service in the amount of the Remainder of the

2  Proceeds (1) less the reasonable estimated, maximum amounts of the items listed in paragraph 8

3  above and (2) less the $150,000 withheld from 2W as described in paragraph 4.b., *supra*, and

4  pursuant to the Sale Order, *see* Recital B, *supra*.

5      10.    Within 120 days of receipt of the Remainder of the Proceeds, or such other time

6  to which the Trustee and the United States agree in writing, the Trustee will expend his best

7  efforts to obtain actual costs for each of the items in paragraph 8 and, subject to the Bankruptcy

8  Court's approval, pay each item.

9      11.    Within 120 days of receipt of the Remainder of the Proceeds, or such other time

10  to which the Trustee and the United States agree in writing, the Trustee will expend his best

11  efforts, consistent with paragraph 6 of the Sale Order, *see* Recital B *supra*, to determine whether

12  TOMI LLC owes to 2W all or any portion of the $150,000 which will be withheld at the close of

13  escrow and to obtain this Court's approval to pay such amount.

14      12.    The Trustee will deposit all income, credits or rent generated by 935 Folsom in

15  the account with the Remainder of the Proceeds and those amounts will be considered as part of

16  the Remainder of the Proceeds.  Interest accruing on the Remainder of the Proceeds will also be

17  considered to be a part of the Remainder of the Proceeds.

18      13.    After all items in paragraph 8 have been paid and after a determination of the

19  amount, if any, to be paid to 2W from the $150,000 is made and paid, the Trustee will complete

20  his compliance with the warrant for arrest of defendant Net Proceeds by providing a second

21  check to the United States Marshals Service for the Remainder of the Proceeds which amount

22  will include all interest accrued on the account in which the Remainder of the Proceeds was

23  maintained.

24      14.    The Trustee agrees to act promptly to seek approval from the Bankruptcy Court

25  to pay the actual amounts of the items listed in paragraph 8 and to move to dismiss, or otherwise

26  close, this bankruptcy case, Case No. 03-31971.

27      15.    If for any reasons the District Court does not forfeit defendant Net Proceeds either

28  in connection with the criminal case, *United States v. Jimmy Quan a/k/a/ Toha Quan, Anna*

Stipulation of United States and Trustee
No. 03-31971                              6

1  *Wong, a/k/a Anna You Nor Wong, Jenny Wong, a/k/a/ Jenny Yee Nor Wong, Bick Wong, a/k/a*

2  *Bick You Wong*, CR 04-0323 (Superseding Indictment filed on or about August 7, 2005) or in

3  connection with the civil forfeiture action which the government will file against defendant Net

4  Proceeds, then the United States will notify the Bankruptcy Court, the Trustee and the counsel

5  for the Trustee and cooperate with the Trustee who will file a motion to reopen this case in the

6  Bankruptcy Court. The United States shall also cooperate with the Trustee in filing a motion

7  with the District Court for an order requiring the government to deposit that portion of defendant

8  Net Proceeds which has not been forfeited with the Trustee in this case after this case has been

9  reopened.

10

11  IT IS SO STIPULATED:        LUCE, FORWARD, HAMILTON  & SCRIPPS LLP

12  Dated: October 24, 2005

13                              BARRY MILGROM
                               Attorneys for Plaintiff MOHAMED POONJA,
14                             Chapter 7 Trustee

15                              KEVIN V. RYAN
                               United States Attorney
16

17  Dated: October 24, 2005

18                              PATRICIA J. KENNEY
                               Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

Stipulation of United States and Trustee
No. 03-31971                         7

**File a Stipulation:**
03-31971 Tomi

**U.S. Bankruptcy Court**

**Northern District of California**

Notice of Electronic Filing

The following transaction was received from Milgrom, Barry entered on 10/24/2005 at 6:12 PM PDT and filed on 10/24/2005

**Case Name:**        Tomi
**Case Number:**      03-31971
**Document Number:** 200

**Docket Text:**
Stipulation, Re: The Filing Of Complaint For Forfeiture And The Proceeds To Be Arrested Filed by Trustee Mohamed Poonja, Attorney U.S. Attorney. (Attachments: # (1) Certificate of Service) (Milgrom, Barry)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** H:\Bankruptcy\TOMI\Stip re Timing.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/24/2005] [FileNumber=3920958-0] [7e9ae96a849bb3750f8f7c655b0fb728e19a47bdec277a22b063eef2499a69dd82 8537be753199cff6978d789ad65d6d87df1394f663958c4af0a01069cd432a]]
**Document description:** Certificate of Service
**Original filename:** H:\Bankruptcy\TOMI\Stip re Timing COS.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=10/24/2005] [FileNumber=3920958-1] [6d5f52f03dc4e9b7bae1a94ba6ae7a644766dd63ac9cc93e9e2c9ec290c0d13aaa dcbacb74324b38101e084ddf959a29768c95852f10ac269b57ae7bf7963cf3]]

**03-31971 Notice will be electronically mailed to:**

Frank M. Cadigan    frank.cadigan@usdoj.gov

Douglas K. Chang    douglas.chang@usdoj.gov

John Chu    jchu149@yahoo.com

Sandi Meneely Colabianchi    smcolabianchi@luce.com

Dennis D. Davis    ddavis@gsmdlaw.com

Michael H. Lewis    MH_LEWIS@PACBELL.NET

h    ecf c    b    c    g    cg b    ch

Barry Milgrom     bmilgrom@luce.com, jthorn@luce.com

Office of the U.S. Trustee / SF     USTPRegion17.SF.ECF@usdoj.gov

Richard L. Pierotti     Rpierotti@kpmd.com

Mohamed Poonja     mpoonja@sbcglobal.net, mpoonja@ecf.epiqsystems.com

Kathy L. Quon     KQuon@gsmdlaw.com

**03-31971 Notice will not be electronically mailed to:**

Michael H. Lewis
Law Offices of Michael H. Lewis
555 Montgomery St. #1155
San Francisco, CA 94111

h     ecf c     b     c     g     cg b          ch

**EXHIBIT B**



**Entered on Docket**
**October 28, 2005**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | Barry Milgrom, State Bar No. 99961
LUCE, FORWARD, HAMILTON & SCRIPPS LLP Signed and Filed: October 28, 2005
2 | Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
3 | Telephone No.: 415.356.4600
Fax No.: 415.356.4610
4 | bmilgrom@luce.com

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge** 32438-00001

5 | Attorneys for MOHAMED POONJA,
Chapter 7 Trustee
6 |

7 | KEVIN V. RYAN (CSBN 118321)
United States Attorney
8 | EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division
9 | PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney
10 | 450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102
11 | Telephone: 415.436.6857
Facsimile: 415.436.6748
12 | Email: pkenney@usdoj.gov

13 | Attorneys for the United States of America

14 |

15 |

16 | UNITED STATES BANKRUPTCY COURT

17 | NORTHERN DISTRICT OF CALIFORNIA

18 | SAN FRANCISCO DIVISION

19 |

20 | In re

21 | TOMI, LLC,

22 | Debtor.

Case No. 03-31971

Chapter 7

The Hon. Thomas E. Carlson

23 |

24 |

25 | **ORDER RE: TIMING OF THE FILING BY THE UNITED STATES OF ITS**
**FORFEITURE COMPLAINT AGAINST THE "NET PROCEEDS" OF THE SALE OF**
26 | **935-945 FOLSOM STREET, SAN FRANCISCO, CALIFORNIA**
**AND**
27 | **COMPLIANCE OF THE TRUSTEE WITH THE ARREST WARRANT**
**ISSUED FOR THE "NET PROCEEDS" BY THE DISTRICT COURT**
28 |

1

ORDER RE TIMING OF THE FILING BY THE U.S. OF ITS FORFEITURE COMPLAINT

1    UPON CONSIDERATION of the "Stipulation Re: Filing of Complaint

2    For Forfeiture and Proceeds to Be Arrested," and the entire record, this Court concludes that the

3    United States and the Trustee have arrived at a reasonable agreement as set forth in that stipulation

4    as to the how, following the filing of a Complaint for Forfeiture against defendant Net Proceeds

5    from the Sale of 935-945 Folsom Street, San Francisco, California, in the federal District Court for

6    the Northern District of California, the Trustee can comply with the Warrant for Arrest of

7    defendant Net Proceeds which will issue and how the defendant Net Proceeds, as defined in the

8    stipulation, are to be calculated.  Accordingly, the Court authorizes Trustee to enter into the

9    stipulation and comply with its terms.

10                                    ***END OF ORDER***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1          COURT SERVICE LIST

2   *Attorneys for 2W Investments, Inc.*
    Andrew Colvin, Esq.
3   Guttenberg, Rapson & Colvin, LLP
    1111 Broadway, Suite 1500
4   Oakland, CA 94607

5   *Attorneys for Debtor*
    Michael H. Lewis
6   Law Offices of Michael H. Lewis
    555 Montgomery St. #1155
7   San Francisco, CA 94111

8   *Attorneys for Jimmy Quan and Anna Wong*
    John Chu
9   Corporate Counsel Law Group LLP
    505 Sansome St # 475
10  San Francisco, CA 94111-3106

11  *Chapter 7 Trustee*
    Mohamed Poonja
12  M. Poonja & Company
    P.O. Box 1510
13  Los Altos, CA 94023-1510

14  *Attorney for Chapter 7 Trustee*
    Barry Milgrom
15  Luce, Forward, Hamilton & Scripps, LLP
    121 Spear Street, Suite 200
16  San Francisco, CA  94105

17  *United States Trustee*
    Office of the U.S. Trustee
18  280 South First Street
    San Jose, California 95113
19
    Patricia Kenney
20  Office of United States Attorney
    450 Golden Gate Ave.
21  San Francisco,CA 94102

22

23

24  188773.1

25

26

27

28

                    1